# EXHIBIT A

KWARTLER MANUS LLC

p 267 457 5570
f 267 457 5571
kminjurylawyers.com

1429 Walnut Street • 14th Floor • Philadelphia, PA 19102
413 Marlton Pike East • Bldg B • Cherry Hill, NJ 08034

December 1, 2025

Wal-Mart Real Estate Business Trust
601 North Walton Boulevard
Bentonville, AR 72712

Via Certified Mail #9589 0710 5270 1239 9905 03 – Return Receipt Requested

**RE: Bridgette Adorno v. Sam's Club Gas Station, Wal-Mart Stores, Inc., Sam's Real Estate Business Trust, Wal-Mart Stores East, LP, Wal-Mart Real Estate Business Trust and Wal-Mart Stores, Inc. CCP, Philadelphia County, December Term, 2025, No. 0058**

Dear Sir/Madam:

Please find enclosed a copy of the Civil Action Complaint that has been filed against you in the above captioned matter.

You should immediately forward this letter and enclosure to your insurance carrier and/or attorney.

**BE ADVISED THAT IF NO RESPONSIVE PLEADING IS FILED WITHIN TWENTY (20) DAYS, I WILL IMMEDIATELY PROCEED TO HAVE A DEFAULT JUDGMENT ENTERED AGAINST YOU BY THE COURT.**

Please be guided accordingly.

Very truly yours,

**KWARTLER MANUS, LLC**

**ALEXANDER H. KIPPERMAN, ESQUIRE**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
DECEMBER 2025 00058
E-Filing Number: 2511059569

| | |
|---|---|
| PLAINTIFF'S NAME<br>BRIDGETTE ADORNO | DEFENDANT'S NAME<br>SAM S CLUB GAS STATION |
| PLAINTIFF'S ADDRESS<br>165 LINCOLN STREET<br>STEELTON PA 17113 | DEFENDANT'S ADDRESS<br>6781 GRAYSON ROAD<br>HARRISBURG PA 17111 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>WAL-MART STORES INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>6781 GRAYSON ROAD<br>HARRISBURG PA 17111 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>SAM S REAL ESTATE BUSINESS TRUST |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>6781 GRAYSON ROAD<br>HARRISBURG PA 17111 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 7 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>☐ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☒ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
NOV 28 2025
S. GILLIAM

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BRIDGETTE ADORNO

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ALEXANDER KIPPERMAN | ADDRESS<br>KWARTLER MANUS<br>1429 WALNUT STREET<br>14TH FLOOR<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER (267)457-5570 / FAX NUMBER (267)457-5571 | |
| SUPREME COURT IDENTIFICATION NO<br>319549 | E-MAIL ADDRESS<br>akipperman@kmfirm.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*ALEXANDER KIPPERMAN* | DATE SUBMITTED<br>Friday, November 28, 2025, 03:00 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. SAM□S CLUB GAS STATION
   6781 GRAYSON ROAD
   HARRISBURG PA 17111
2. WAL-MART STORES INC.
   6781 GRAYSON ROAD
   HARRISBURG PA 17111
3. SAM□S REAL ESTATE BUSINESS TRUST
   6781 GRAYSON ROAD
   HARRISBURG PA 17111
4. WAL-MART STORES EAST, LP
   601 N. WALTON BOULEVARD
   BENTONVILLE AR 72712
5. WAL-MART REAL ESTATE BUSINESS TRUST
   601 N. WALTON BOULEVARD
   BENTONVILLE AR 72712
6. WAL-MART STORES INC
   601 N. WALTON BOULEVARD
   BENTONVILLE AR 72712
7. JOHN DOE
   UNKNOWN
   UNKNOWN PA 00000

KWARTLER MANUS, L.L.C.
BY:
ALEXANDER H. KIPPERMAN, ESQUIRE
I.D. NO.: 319549
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102
(267) 457-5570

MAJOR NON-JURY

Filed and Attested by the Office of Judicial Records 28 NOV 2025 03:30 pm S. GILLIAM

Attorney for Plaintiff

| | | |
|---|---|---|
| BRIDGETTE ADORNO<br>165 LINCOLN STREET<br>STEELTON, PA 17113 | : | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION |
| v. | : | |
| SAM'S CLUB GAS STATION<br>6781 GRAYSON ROAD<br>HARRISBURG, PA 17111 | : | |
| & | : | |
| WAL-MART STORES INC.<br>6781 GRAYSON ROAD<br>HARRISBURG, PA 17111 | : | |
| & | : | |
| SAM'S REAL ESTATE BUSINESS TRUST<br>6781 GRAYSON ROAD<br>HARRISBURG, PA 17111 | : | |
| & | : | |
| WAL-MART STORES EAST, LP<br>601 N. WALTON BOULEVARD<br>BENTONVILLE, AR 72712 | : | |
| & | : | |
| WAL-MART REAL ESTATE BUSINESS TRUST<br>601 N. WALTON BOULEVARD<br>BENTONVILLE, AR 72712 | : | |
| & | : | |

WAL-MART STORES INC :
601 N. WALTON BOULEVARD :
BENTONVILLE, AR 72712 :
:
& :
:
JOHN DOE :

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

**PLEASE BE ADVISED THAT KWARTLER MANUS, L.L.C. WILL NOT GRANT ANY EXTENSIONS OF TIME TO RESPOND TO THIS COMPLAINT.**

**COMPLAINT IN PERSONAL INJURY**
**2S PREMISES LIABILITY**

1. Plaintiff, Bridgette Adorno, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Sam's Club Gas Station, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 6535-6781 Grayson Road, Harrisburg, PA 17111 (hereinafter referred to as "premises").

3. At all times material hereto defendant, Sam's Club Gas Station, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

4. At all times material hereto Defendant, Sam's Club Gas Station, was the sole owner of the premises.

5. At all times material hereto Defendant, Sam's Club Gas Station, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

6. Defendant, Wal-Mart Stores Inc., is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and

or safety of the premises located at or near 6535-6781 Grayson Road, Harrisburg, PA 17111 (hereinafter referred to as "premises").

7. At all times material hereto defendant, Wal-Mart Stores Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

8. At all times material hereto Defendant, Wal-Mart Stores Inc., was the sole owner of the premises.

9. At all times material hereto Defendant, Wal-Mart Stores Inc., was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

10. Defendant, Sam's Real Estate Business Trust, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 6535-6781 Grayson Road, Harrisburg, PA 17111 (hereinafter referred to as "premises").

11. At all times material hereto defendant, Sam's Real Estate Business Trust, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

12. At all times material hereto Defendant, Sam's Real Estate Business Trust, was the sole owner of the premises.

13. At all times material hereto Defendant, Sam's Real Estate Business Trust, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

14. Defendant, Wal-Mart Stores East, LP, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 6535-6781 Grayson Road, Harrisburg, PA 17111 (hereinafter referred to as "premises").

15. At all times material hereto defendant, Wal-Mart Stores East, LP, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

16. At all times material hereto Defendant, Wal-Mart Stores East, LP, was the sole owner of the premises.

17. At all times material hereto Defendant, Wal-Mart Stores East, LP, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

18. Defendant, Wal-Mart Real Estate Business Trust, is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care,

control and or safety of the premises located at or near 6535-6781 Grayson Road, Harrisburg, PA 17111 (hereinafter referred to as "premises").

19. At all times material hereto defendant, Wal-Mart Real Estate Business Trust, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

20. At all times material hereto Defendant, Wal-Mart Real Estate Business Trust, was the sole owner of the premises.

21. At all times material hereto Defendant, Wal-Mart Real Estate Business Trust, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

22. Defendant, Wal-Mart Stores Inc., is a corporation doing business in the City and County of Philadelphia and the Commonwealth of Pennsylvania with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 6535-6781 Grayson Road, Harrisburg, PA 17111 (hereinafter referred to as "premises").

23. At all times material hereto defendant, Wal-Mart Stores Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

24. At all times material hereto Defendant, Wal-Mart Stores Inc., was the sole owner of the premises.

25. At all times material hereto Defendant, Wal-Mart Stores Inc., was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

26. Defendant, John Doe, a fictitious name/entity, was the owner and/or property manager that was responsible for the care, maintenance, repair and control of the premises involved in the herein incident (hereinafter referred to as "premises"), and has been designated as John Doe under Rule 2005 of the Pennsylvania Rules of Civil Procedure. Defendant's, John Doe's, actual name is unknown to the plaintiff after having conducted a reasonable search with due diligence, which search is ongoing to determine John Doe's true identity. Upon determination of the true identity of Defendant, John Doe, the appropriate legal name will be substituted for the identification of the fictitious name, John Doe.

27. At all times material hereto, Defendant, John Doe, was acting individually, jointly, and/or by and through Defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

28. At all times material hereto Defendant, John Doe, was the sole owner of the premises.

29. At all times material hereto Defendant, John Doe, was the sole occupant, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises.

30. On or about May 5, 2024, plaintiff was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence, recklessness and/or carelessness of

the defendants the plaintiff was caused to slip and fall due to a wet and/or slippery substance on floor.

31. Responding Defendant staff was notified of the aforementioned fall.

32. Responding Defendant staff took numerous pictures of the aforementioned wet and/or slippery substance on the floor which caused Plaintiff's fall.

33. Responding Defendant staff took numerous pictures of the aforementioned wet and/or slippery substance near the location of Plaintiff's fall.

34. Responding Defendant generated an incident report associated with the aforementioned fall.

35. Responding Defendant is in possession of the aforementioned incident report.

36. Responding Defendant is in possession of the aforementioned pictures.

37. Responding Defendant is in possession of video of the aforementioned fall.

38. Responding Defendant has knowledge of the exact substance that caused Plaintiff to fall.

39. Responding Defendant has knowledge of the exact substance that was present and located at or near the aforementioned fall.

40. As a result of this incident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

**COUNT I**
**Bridgette Adorno v. Sam's Club Gas Station**
**<u>Personal Injury</u>**

41. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

42. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

43. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear, right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring resection calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections, and any other ills, injuries, all to plaintiff's great loss and detriment.

44. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

45. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

46. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

47. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

48. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT II**
**Bridgette Adorno v. Wal-Mart Stores, Inc.**
**Personal Injury**

49. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

50. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

51. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear,

right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring resection calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections and any other ills, injuries, all to plaintiff's great loss and detriment.

52. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

53. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

54. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

55. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

56. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT III**
**Bridgette Adorno v. Sam's Real Estate Business Trust**
**Personal Injury**

57. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

58. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers,

incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

59. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear, right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring resection calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections and any other ills, injuries, all to plaintiff's great loss and detriment.

60. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

61. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

62. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

63. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

64. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT IV**
**Bridgette Adorno v. Wal-Mart Stores East, LP**
**Personal Injury**

65. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

66. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

67. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear, right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring resection calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections and any other ills, injuries, all to plaintiff's great loss and detriment.

68. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

69. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

70. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

71. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

72. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT V**
**Bridgette Adorno v. Wal-Mart Real Estate Business Trust**
**Personal Injury**

73. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

74. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

75. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear,

right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring resection calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections and any other ills, injuries, all to plaintiff's great loss and detriment.

76. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

77. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

78. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

79. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

80. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT VI**
**Bridgette Adorno v. Wal-Mart Stores Inc.**
**Personal Injury**

81. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

82. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers,

incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

83. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear, right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring resection calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections and any other ills, injuries, all to plaintiff's great loss and detriment.

84. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

85. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

86. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

87. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

88. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT VII**
**Bridgette Adorno v. John Doe**
**<u>Personal Injury</u>**

89. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

90. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, aisles, entrance ways, over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises that was wet, slippery, and dangerous;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, incidents and/or injuries that could occur as a result of the conditions on the premises, that were wet, slippery, and dangerous;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises; and

j. In other respects that may be pointed out at the time of trial.

91. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: sacroiliitis, right wrist triangulofibrocartilage complex tear, facture of right wrist, right wrist injury requiring arthoscropy with TFCC debridement, right TFCC tear, right foot injury requiring resection calcaneonavicular bar and tarsal tunnel release, coalition and tarsal tunnel of right ankle, right ankle injury require release deep aductor hallucis fascia, right ankle injury requiring rescction calcaneonavicular coalition with EDB muscle transfer, right knee sprain and strain, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, concussion, head contusion, right knee injury requiring total knee replacement, sacroiliac injury requiring injections and any other ills, injuries, all to plaintiff's great loss and detriment.

92. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

93. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

94. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

95. In addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

96. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur Worker's Compensation Benefits upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**KWARTLER MANUS, L.L.C.**

**ALEXANDER H. KIPPERMAN, ESQUIRE**

**PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION ARE ATTACHED TO AND SERVED WITH THIS COMPLAINT.**

**VERIFICATION**

I hereby state that I am a Plaintiff in this action and verify that the statements made in the forgoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, verifier has relied on counsel in taking this Verification. The undersigned understands that this Verification is made subject to the penalties of 18 Pa. C.S. Section 4909 relating to unsworn falsifications to authorities.

Signature: ______________________

CERTIFIED MAIL®

KM KWARTLER MANUS LLC
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102

9589 0710 5270 1239 9905 03

KM KWARTLER MANUS LLC
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102

FIRST-CLASS
US POSTAGE IMI PITNEY BOWES
ZIP 19102
02 7H
0006235278
$ 013.54⁰
DEC 01 2025

Wal-Mart Real Estate Business Trust
601 North Walton Boulevard
Bentonville, AR 72712